The judgment of the court was pronounced by
Eustis, C. J.
This is an action against Taylor and Zacharie, the principal and surety on two sequestration bonds given in the case of Taylor v. Penny, in which the brig Mount Vernon was seized. It is charged that the writ of sequestration was wrongfully sued out; the damages claimed amount to twenty-' *714 five hundred dollars. The plaintiff had a verdict for six hundred dollars, on ■which judgment was rendered, and the defendants have appealed. The plaintiff in his answer on the appeal has asked for a change of the judgment, allowing him the amount claimed in his petition.
The damage of which the plaintiff complains is alleged' to have resulted from the seizure and detention of the brig while she was ready for sailing, and from the loss of profits and expense incident thereto ; fees paid counsel; and from being harrassed by the vexatious proceedings under the sequestrations aforesaid, which it is charged were taken with malice on the part of Taylor.
It is admitted that the plaintiff paid Messrs. Peylon and Rosier the sum of two hundred and fifty dollars, as a fee for defending him in the original suit. It appears that the Mount Vernon was taken possession of by the sheriff under the writ of sequestration issued at the instance of Taylor on the 22d of May, 1847, and was on the 25th following released on Penny's depositing the sum of five hundred dollars with the sheriff. On her return from a voyage to this port she was taken under another writ of sequestration granted by the judge on the ground of the insufficiency of the security given. This writ was executed on the 3d of July, 1847, and on the 7th following the vessel was released on Penny’s bond, with security in the sum of two thousand five hundred dollars. The returns of the sheriff are relied upon to show the detention for which the plaintiff claims damage. But the evidence shows that there was no detention by the seizure in May. She was cleared on the 24th and sailed for Havana on the 25th, and the freighter of the vessel, the plaintiff’s own witness, knew of no detention. The testimony is silent as to any detention of the vessel in July; and as to the mode in which the writ was executed, or the extent to which the custody and possession of the vessel or her business was interfered with by the sheriff’s officer we are left without any evidence which is at-all satisfactory.
We consider that no damages are proved to have resulted to the plaintiff from the detention of the vessel, and that to enable him to recover for this cause proof to that effect ought to have been administered. Selleck v. Kelly, 11 R. R. 145. Jones v. Doles, 3d Ann. 589.
The expense the plaintiff' was put to for counsel fees, for the purpose of having the vessel released from the sequestration, and other expenses resulting therefrom, the defendants by their bond are clearly bound to reimburse to the plaintiff. The judgment of the district court, affirmed by this court, determined that Taylor had no interest in the Mount Vernon, and consequently the writs of sequestration were wrongfully sued out The plaintiff paid his counsel two hundred and fifty dollars for their professional services in the suit; the portion fairly due for the services relating to the release of the vessel from the sequestration we think is all he is entitled to recover.
We think the verdict of the jury clearly erroneous. The defendant Taylor is not liable to the plaintiff' for a malicious prosecution. To maintain such an action, want of probable cause as well as malice, must exist. The evidence in the original case we do not think establishes either. Under the verdict we are authorized to allow the plaintiff in addition a sum for damages, the amount of which cannot be. specifically proved.
It is therefore decreed, that the judgment of the district court be reversed; and that the plaintiff recover the sum of one hundred and fifty dollars with costs in the district court; those of the appeal to be paid by the plaintiff and appellee.